

Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298


Andrew P. Marks
212.583.2661 direct
212.583.9600 main
646.219.5794 fax
amarks@littler.com

June 22, 2016


**VIA ECF**

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Michel v. Parts Authority, Inc., et al.* [Case No. 15-cv-05730-ARR-MDG]

Dear Judge Ross:

We write on behalf of the Defendants in the above-referenced matter in response to the Court's June 17 order requesting additional briefing on the limited issue of whether the fee-related provisions in the Arbitration Addendum are unconscionable.

It is well-settled that a "party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid" (*Harrington v. Atl. Sounding, Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010)), and must overcome a liberal presumption in favor of arbitrability. *See, e.g., Moses H. Cone Mem'l Hosp.*, 460 U.S. 1 at 24-25 (1983).

Where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). An agreement to split fees for arbitration is not per se unconscionable. *See, e.g., Stewart v. Paul, Hastings, Janofsky & Walker, LLP,* 201 F. Supp. 2d 291, 292 (S.D.N.Y. 2002) ("The assertion that the cost sharing provision *per se* invalidates the entire agreement is not supported either by the law of this Circuit or by the better considered authorities elsewhere"); *Bradford v. Rockwell Semiconductor Systems Inc.,* 238 F.3d 549, 556 (4th Cir. 2001) (fee splitting provisions are not per se invalid); *see also, generally, American Express Co. v. Italian Colors Restaurant,* 133 S.Ct. 2304, 2310-11 (2013) ("the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy.").

### I.   Plaintiff's Objections Are Premature

Plaintiff's objections to the cost-splitting provision are premature because it is unclear whether Plaintiff will be required to bear *any* fees or costs he would not otherwise incur in court.  The

Hon. Allyne R. Ross
June 22, 2016
Page 2

cost-splitting provision provides that "[c]osts incidental to the arbitration, including the cost of the Arbitrator and the meeting site ("Arbitration Costs") will be borne by DILIGENT and Operator equally, **_unless otherwise required by applicable law._**" (Dkt. #16-2, Section 3(e)) (emphasis supplied).

The provision also makes clear that the Arbitrator is to decide all disputes regarding "a party's obligation to pay Arbitration Costs," and that "[i]n the event Operator contends that, as a matter of law, it is not responsible for payment of any Arbitration Costs, **_Operator shall have no obligation to pay any portion of the contested Arbitration Costs until, and only if, the Arbitrator determines that Operator is responsible for the costs._**" (*Id.*) (emphasis supplied).

Because these matters have been delegated to the Arbitrator, she must make these determinations in the first instance. *See, e.g., Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."); *Stewart*, 201 F. Supp. 2d at 292-93 (holding that the enforceability of a fee splitting clause in an arbitration agreement was a matter for the arbitrator to decide); *Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp. 2d 324, 330 (S.D.N.Y. 2003) (same).

Accordingly, unless and until the Arbitrator finds that (i) the cost-splitting provision comports with "applicable law," *and* (ii) Plaintiff is responsible for certain costs incidental to the arbitration, Plaintiff's objections are purely speculative.

In addition, under American Arbitration Association Rules (which will govern the parties' arbitration), Plaintiff's administrative fees could be reduced, and the Arbitrator could ultimately decide to waive Plaintiff's portion of his or her fee. *See* AAA Commercial Arbitration Rules, R-53 ("The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.");[1] *Valdes v. Swift Transp. Co., Inc.*, 292 F. Supp. 2d 524, 534 (S.D.N.Y. 2003) (holding that plaintiff's claim of prohibitive cost was "especially speculative in light of Section 38 of the AAA Rules, which provides for administrative fees to be `deferred or reduced' in the event of 'extreme hardship'").

Further, the Arbitration Addendum provides that "[e]ach party shall pay the fees for its own attorneys, **_subject to any remedies to which that party may later be entitled under applicable law_**," and that the "Arbitrator may award any party any remedy to which that party is entitled under applicable law … and **_no remedies that otherwise would be available to_**

---

[1] Available at:
https://www.adr.org/aaa/faces/rules/searchrules?_afrLoop=78075891163684&_afrWindowMode=0&_afrWindowId=3pllewz14_121#%40%3F_afrWindowId%3D3pllewz14_121%26_afrLoop%3D78075891163684%26_afrWindowMode%3D0%26_adf.ctrl-state%3D3pllewz14_193.

Hon. Allyne R. Ross
June 22, 2016
Page 3

*an individual in a court of law will be forfeited by virtue of th[e] Arbitration Provision."* (Dkt. #16-2, Sections 3(e)-(f)) (emphasis supplied). Thus, Plaintiff could ultimately be awarded costs and fees under the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b).

Given these considerations, the Court cannot determine, at this stage, whether Plaintiff will bear any costs in arbitration he would not otherwise incur in court. Plaintiff's challenge should therefore be rejected as premature. *See Arakawa v. Japan Network Group*, 56 F. Supp. 2d 349, 355 (S.D.N.Y. 1999) (ordering arbitration and noting that "[a]t this point in the litigation it is not clear how large the fees of the arbitration will be or whether plaintiff will be required to pay any portion of it, and, therefore, this Court cannot conclude that the payment of fees will constitute a barrier to the vindication of Arakawa's statutory rights.").

## II. Plaintiff Failed To Meet His Burden To Prove Unconscionability

As stated above, where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000).

Here, as noted by the Court, Plaintiff failed to submit even a single piece of evidence to substantiate his position that he will likely incur prohibitive costs in arbitration. Accordingly, even if Plaintiff's objections were not premature for the reasons addressed above, they would still necessarily fail as a matter of law. *See Randolph*, 531 U.S. at 91-92; *Torres v. United Healthcare Servs.*, 920 F. Supp. 2d 368, 377 (E.D.N.Y. 2013); *Stewart*, 201 F. Supp. 2d at 293.[2]

## III. The Cost-Splitting Provision Is Severable

Section 3(i) of the Arbitration Addendum provides that "[i]n the event any portion of this Arbitration Provision is deemed unenforceable, the remainder of this Arbitration Provision will be enforceable." (Dkt. #1602, Section 3(i)). Accordingly, if the Court determines that the cost-splitting provision in the Arbitration Addendum is unconscionable, it should sever the provision

---

[2] Any suggestion that the Arbitration Addendum is procedurally unconscionable should also be rejected. Given his express right to opt-out of arbitration, Plaintiff's agreement to arbitrate was voluntary, which precludes a finding of procedural unconscionability. *See, e.g., Valle v. ATM National, LLC*, No. 14-cv-7993 (KBF), 2015 U.S. Dist. LEXIS 11788 (S.D.N.Y. Jan. 30, 2015) ("Procedurally, the provision is not unconscionable as plaintiffs had 45 days to opt out of the Arbitration Agreement and 60 days to opt out of the Amended Agreement"); *Teah v. Macy's, Inc.*, No. 11-CV-1356 (CBA) (MDG), 2011 U.S. Dist. LEXIS 149274 at *17 (E.D.N.Y. Dec. 29, 2011) ("Here ... Teah was given the option to opt-out of Step 4 while retaining his employment at Macy's"). Even arbitration agreements presented on a "take it or leave it" basis are not procedurally unconscionable under New York law. *See, e.g., Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 122 (2d Cir. 2010) ("take it or leave it" contract was insufficient to render it procedurally unconscionable).

Hon. Allyne R. Ross
June 22, 2016
Page 4


from the Addendum and direct the parties to arbitration. *See Herrera v. Katz Communications, Inc.*, 532 F. Supp. 2d 644, 647 (S.D.N.Y. 2008) ("if one were to assume ... that the clause did preclude Herrera from recovering attorney's fees, the proper remedy would be to sever the invalid provision of the arbitration clause and compel arbitration of the underlying dispute, rather than to invalidate the entire arbitration clause as plaintiff urges ... Any other approach would serve to thwart the very essence of the arbitral agreement the parties have reached.").[3]

Respectfully submitted,

/s/ *Andrew P. Marks*

Andrew P. Marks

cc:     All counsel of record

---

[3] If the cost-splitting provision is severed, the responsibility for the Arbitrator's fee and the room fee would default to Diligent. (See Dkt. #16-2, Section 3(e) ["Costs incidental to the arbitration, including the cost of the Arbitrator and the meeting site ("Arbitration Costs") will be borne by DILIGENT and Operator equally, unless otherwise required by applicable law.... If necessary for arbitration of the dispute, DILIGENT agrees to cover the amount of the Arbitration Costs contested by Operator ...."]).