

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Andrew P. Marks
212.583.2661 direct
212.583.9600 main
646.219.5794 fax
amarks@littler.com

June 27, 2016

**VIA ECF**

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Michel v. Parts Authority, Inc., et al.* [Case No. 15-cv-05730-ARR-MDG]

Dear Judge Ross:

We write on behalf of Defendants in opposition to Plaintiff's letter, dated June 19, requesting certification of Your Honor's "June 15, 2016 order and any subsequent and related orders" for immediate appeal to the Second Circuit.  Plaintiff further requests a "stay of this action and any related arbitration and/or other proceedings pending the outcome of the appeal."  The Court has not issued a final ruling on Defendants' motion to compel arbitration, but has requested "additional briefing on the limited issue of whether the fee-related provisions in the Arbitration Addendum are unconscionable."  If Defendants' motion to compel is denied, Plaintiff's application for an immediate appeal would be moot.  However, if the Court compels arbitration of the dispute pursuant to the Federal Arbitration Act ("FAA"), Plaintiff's request for certification should be denied because such an appeal is antithetical to the FAA's policy to avoid protracted litigation and move to arbitration as quickly as possible.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

In *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2014), *cert. denied*, 136 S. Ct. 596 (2015), our Court of Appeals addressed interlocutory appeals from orders compelling arbitration under the FAA and made clear that such appeals are contrary to the intent and language of the statute. Recognizing that an order of dismissal accompanying a direction to arbitrate was immediately appealable while a decision staying the action pending the arbitration was not, the Second Circuit held that the district court is required to grant a stay when all claims have been referred to arbitration and a stay requested. [1]  As the Court explained:

---

[1]   *Katz* makes it crystal clear that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay is requested." 794 F.3d at 346.   Neither party here expressly requested a stay of proceedings rather than a dismissal of the complaint.  However, because plaintiff requests permission to file an interlocutory appeal and because his request includes a stay, we

Hon. Allyne R. Ross
June 27, 2016
Page 2

> The statute's appellate structure ... permits immediate appeal of orders hostile to arbitration but bars appeal of interlocutory orders favorable to arbitration.  The FAA authorizes immediate interlocutory review of an order refusing to compel arbitration or denying a stay of proceedings; it would make little sense to receive a conclusive arbitrability ruling only after a party has already litigated the underlying controversy....  By contrast, the FAA explicitly denies the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings.  The dismissal of an arbitrable matter that properly should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order.  Affording judges such discretion would empower them to confer appellate rights expressly proscribed by Congress....  A stay enables parties to proceed to arbitration directly, unencumbered by the uncertainty and expense of additional litigation and generally precludes judicial interference until there is a final award.

794 F.3d at 345 (citations omitted).

FAA §16(b) does permit appeals from orders compelling arbitration when authorized by 28 U.S.C. § 1292(b).  But the Second Circuit interpretation of the FAA as strongly disfavoring appeals from such orders presents an overarching consideration when deciding a request for such certification.  *Ryan v. Fakih*, 275 F. Supp. 2d 393, 397 (E.D.N.Y. 2002) ("Even where a party meets all three statutory prerequisites [for certification under 28 U.S.C. § 1292(b)], 'the district court must necessarily have the power to consider factors beyond the minimum criteria established in section 1292(b).'") (quoting *Nat'l Asbestos Workers Med. Fund*, 71 F.Supp.2d 139, 163 (E.D.N.Y.1999).  As the Second Circuit observed in *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002), an important policy consideration is the 'pro-arbitration tilt' of the governing statute, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* "Unnecessary delay of the arbitral process through appellate review is disfavored.'" *Id. at* 93.  Thus, Plaintiff's request for certification of the decision for immediate appeal pursuant to 28 U.S.C. § 1292(b) must, at a minimum, be supported by compelling authority or policy.  Plaintiff offers neither.

First, there is no "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).  Your Honor considered and rejected as unsupported Plaintiff's argument that "FLSA claims are nonarbitrable." (Pl. Letter p. 2; Op. 4-5).  Contrary to Plaintiff's claim, the arbitrability of FLSA claims is not an issue of first impression or one on which reasonable minds may disagree.  There are scores of cases compelling arbitration of FLSA claims.  And the arguments advanced by Plaintiff here are the

---

presume plaintiff does not interpret the court's ruling as a dismissal that may be immediately appealed.  Should that not be the case however, Defendants now request a stay of the action rather than a dismissal.

Hon. Allyne R. Ross
June 27, 2016
Page 3

same arguments directly rejected by the court in *Arrigo v. Blue Fish Commodities*, 704 F. Supp. 2d 299, 304 (S.D.N.Y. 2010) ("Congress did not intend FLSA claims to be non-arbitrable"), *aff'd*, 2011 U.S. App. LEXIS 2446 (2d Cir. 2011) (summary order), and indirectly by the Second Circuit in *Raniere v. Citigroup, Inc.*, 2013 U.S. App. LEXIS 16765 (2d Cir. 2013) (summary order) (compelling arbitration of FLSA claims).[2]

Further, Plaintiff's policy contentions that an interlocutory appeal "may materially advance the ultimate termination of the litigation" (Pl. Letter p. 5), "ease the burden on the courts" and save time and money, are sheer speculation. These contentions are premised on the assumption

---

[2] Plaintiff provides no authority for his contention that FLSA claim are not arbitrable and there is no substantial ground for difference of opinion. *See Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 297-98 (5th Cir. 2004):

> The Carter Appellants assert here that the text and legislative history of the FLSA explicitly preclude arbitration. As the district court noted, however, there is nothing in the FLSA's text or legislative history supporting this assertion. Indeed, like the district court, we find nothing that would even implicitly have that effect. This fact has been recognized by the other two circuit courts that have addressed this issue. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir.1996) (finding no evidence that Congress intended to preclude arbitration of FLSA claims in the text or legislative history of the statute); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir.2002) (holding that FLSA claims are arbitrable).
>
> ... Significantly, *Barrentine* and *Bernard* involved arbitration agreements embedded in collective-bargaining agreements, not individually executed pre-dispute arbitration agreements like the ones at issue here. This difference is not insignificant; the Supreme Court explicitly distinguished between these two types of arbitration agreements in *Gilmer*, ultimately concluding that the former may not be subject to arbitration while the latter are. In addition, as the Supreme Court noted in *Gilmer*, *Barrentine* took place during a period of judicial skepticism concerning the efficacy of arbitral forums. By the time of *Gilmer*, however, the "mistrust of the arbitral process" expressed by *Barrentine*-era cases had been "undermined by [the Supreme Court's] recent arbitration decisions." *Gilmer*, 500 U.S. at 34 n. 5, 111 S.Ct. 1647. Similar conclusions concerning the inapplicability of *Barrentine* to this case were reached by our sister circuits in *Kuehner*, 84 F.3d at 320, and *Adkins*, 303 F.3d at 506. We thus find unpersuasive the Carter Appellants' contention that FLSA claims are not subject to arbitration.

*See also, Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp. 2d 324, 331 (S.D.N.Y. 2003) (finding that *Barrentine* did not support the plaintiff's argument that FLSA claims are nonarbitrable); *Steele v. L.F. Rothschild & Co., Inc.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (compelling arbitration of FLSA claim and distinguishing *Barrentine*).

Hon. Allyne R. Ross
June 27, 2016
Page 4

that despite the virtually singular view that FLSA claims are arbitrable, plaintiff will convince the Second Circuit otherwise and thereby avoid arbitration. "This one-sided argument fails to take into account the (just as likely) possibility that [the order will be affirmed] and the certification will delay the action further." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, 2014 U.S. Dist. LEXIS 143127 (S.D.N. Y. Oct. 7, 2014).

"In the ordinary case, interlocutory appeals are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule and only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596 (S.D.N.Y. 2002), *quoting, Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). That standard is heightened under the FAA, which in plain language precludes interlocutory appeals and favors proceeding to arbitration directly. *Accord, Sacchi v. Verizon Online LLC*, 2015 U.S. Dist. LEXIS 48971 (S.D.N.Y. 2015) (certification of appeal from an order compelling arbitration denied where allowing certification "would be inconsistent with the national policy favoring arbitration and the Second Circuit's distaste for delaying the arbitral process through appellate review."); *Belton v. GE Capital Consumer Lending, Inc.*, 2016 U.S. Dist. LEXIS 4312 (S.D.N.Y.)("Proceeding to arbitration, rather than certifying an interlocutory appeal, is the fastest way for these cases to be decided on the merits."). Because plaintiff offers no factually supported grounds, let alone compelling justification, for an immediate appeal, the request for an interlocutory appeal must be denied.

Respectfully submitted,


*/s/ Andrew P. Marks*

Andrew P. Marks



cc:     Sharon P. Stiller (via ECF)
        Abdul K. Hassan (via ECF)